West'n. District.
*October*, 1829.

MEAD
*vs.*
CHADWICK.

*HUGHES vs. HARRISON & WIFE.*

APPEAL from the court of the seventh district, the judge of the district presiding.

PORTER, J. delivered the opinion of the court. This case has been already before the court, and was remanded. *Vol. 7.* It was an action on a promissory note, by which the husband and wife jointly and severally promised to pay Ailes & Morris the sum of $482 16, *for articles furnished them for their and plantation use, as per account rendered.* Judgment was rendered, in the first instance, against the wife for the whole amount, and the note, on the face, purporting to be for objects furnished for both husband and wife, that judgment was reversed, as the latter was made responsible for a debt, some part of which was the husband's.

On the cause returning to the inferior court, the plaintiff moved to amend his petition, by

In a suit on a promissory note, the nature of the action is not changed by an amendment, which alleges a different consideration from that originally set forth.

If, on such amendment, final judgment is proceeded to, without an answer being filed, or judgment by default taken, the judgment is erroneous.

If the defendant be interrogated as to his signature to the note, and neglects to answer, but pleads the general issue, the signature is admitted, but every other legal defence remains open.

VOL. VIII. (N. S.) 38

West'n. District.
October, 1829.

HUGHES
vs.
HARRISON &
WIFE.

inserting the allegation, "that the articles of goods, wares and merchandize, in consideration of which the note, on which this suit is brought, was given, were furnished for the use and benefit of Mrs. Jemima Harrison, the wife of said Benjamin, for her family and plantation—wherefore, he prays judgment against the said Jemima and Benjamin, in *solido.*

The defendant objected to this amendment, as changing the cause of action; the court received it, and he excepted.

We are of opinion, the court did not err. The *cause* of the action was the note: the consideration for which it was given, the *inducement:* and the insertion in the amendment of a different consideration for the instrument, from that contained in the original petition, does not change the cause of the action.

The parties went to trial on this amendment, without any answer being put in. It is now objected, that the proceedings were irregular, and that the judgment must be reversed, it being rendered without the *contestatio litis,* or judgment by default.

We think the objection fatal. The answer put in to the original petition did not, and

could not extend to the amendment: the case
was consequently tried, without issue joined. This case cannot be distinguished from that of *Freeland vs. Lanfear, vol.* 2, 256.

The plaintiff, however, contends, that this defect cannot be taken advantage of by the defendants, because interrogatories were annexed to the petition, calling on them to say, whether they did not execute the note on which they were sued: which interrogatories they did not reply to, but filed an answer, containing the general issue.

This point presents, for the first time, a question, as to the construction which several articles of our Code of Practice should receive. Article 324 provides, "when the demand is founded on an obligation, or an act under private signature, which is alleged to have been signed by the defendant, such defendant shall be bound, in his answer, to acknowledge expressly, or to deny his signature." In the French text, the words are *sera tenu de declarer expressément dans sa reponse, si il reconnait ou nie sa signature.*

Art. 326 declares, that if the defendant deny his signature *in his answer*, it shall be proved, &c.

West'n. District.
*October*, 1829.

HUGHES
*vs.*
HARRISON &
WIFE.

Art. 326. The defendant, whose signature shall have been proven, after he having denied the same, *shall be barred from every other defence,* and judgment shall be given against him, without further proceedings.

These articles change materially the effect, of a general denial of the allegations in a petition. Heretofore, such a plea put the plaintiff on the proof of every fact necessary to maintain his action: and of course, that of the execution of the instrument on which suit was brought. The article 324 says, the defendant *is bound expressly to deny or admit the execution of the instrument.* If he is bound to do one or the other, and fails to do either the conclusion is, there is no denial, because there is not such a denial as the law requires from him.

If he makes the express denial, and it is found untrue, a heavy penalty is inflicted on him—he is precluded from further defence. Were we to hold, the defendant could escape from this penalty, by an implied denial, which would impose the same burthen of proof on the plaintiff, and create the same delay, the provision in the code would be a dead letter. No man would deny expressly, because, by

the general denial, he would get all the bene- West'n. District.
fits of an express one, without incurring its *October*, 1829.
risks.

In this case, there is no special denial, and
from the want of it, as well as a failure to an-
swer the interrogatories, annexed to the peti-
tion, the execution of the note was confessed.
Every other legal defence is still open to the
defendants.

The judgment must be reversed, as ren-
dered without issue joined.

It is therefore ordered, adjudged and de-
creed, that the judgment of the district court
be annulled, avoided and reversed; that the
case be remanded, to be proceeded in ac-
cording to law; and that the appellee pay the
cost of this appeal.

*Scott* and *Winn* for plaintiff, *Flint* for
defendant.